# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1302V
UNPUBLISHED

|  |  |
|---|---|
| ANGELA WHITE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 6, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision on Proffer;<br>Concession; Table Injury; Influenza<br>(Flu); Shoulder Injury Related to<br>Vaccine Administration (SIRVA). |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On October 1, 2020, Angela White filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of an influenza ("flu") vaccination she received on October 1, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 22, 2021, I issued a ruling that Petitioner was entitled to compensation for her SIRVA. ECF No. 26. On January 4, 2022, Respondent filed a proffer on an award of compensation, to which Petitioner agrees. ECF No. 29 (attached hereto

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

as Exhibit A). Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award Petitioner the following compensation:

- **A lump sum payment in the amount of $87,581.00 (representing $87,500.00 for pain and suffering, and $81.00 for past unreimbursable expenses) in the form of a check payable to Peittioner.**

- **A lump sum payment of $1,435.03, representing compensation for satisfaction of the State of Tennessee Medicaid lien, in the form of a check payable jointly to Petitioner and**

**Amerigroup**
**Attn: Bradley Buschman**
**Reference #107354404**
**PO Box 655940**
**San Antonio, TX 78265**

**Petitioner agrees to endorse and forward the check to Amerigroup for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | ) |
|---|---|
| ANGELA WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 20-1302V |
| v. | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**PROFFER ON AWARD OF COMPENSATION**

On December 16, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. ECF No. 25. Accordingly, on December 22, 2021, the Chief Special Master issued a Ruling on Entitlement. ECF No. 26.

**I. Compensation for Vaccine Injury-Related Items**

A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$87,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses of **$81.00**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of

Tennessee Medicaid lien in the amount of **$1,435.03**, which represents full satisfaction of any

right of subrogation, assignment, claim, lien, or cause of action the State of Tennessee may have

against any individual as a result of any Medicaid payments the State of Tennessee has made to

or on behalf of petitioner from the date of her eligibility for benefits through the date of

judgment in this case as a result of her alleged vaccine-related injury suffered on or about

October 1, 2019 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made  through

two lump sum payments described below, and request that the Chief Special Master's decision

and the Court's judgment award the following: [1]

A.  A lump sum payment of **$87,581.00** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$1,435.03**, representing compensation for satisfaction of the
State of Tennessee Medicaid lien, in the form of a check payable jointly to petitioner
and:

Amerigroup
Attn: Bradley Buschman
Reference # 107354404
PO Box 655940
San Antonio, TX 78265

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

Petitioner agrees to endorse and forward the check to Amerigroup for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

  s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3665
Christine.m.becer@usdoj.gov

Date:     January 4, 2022

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ Zoë Wade
ZOË WADE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4118
Fax: (202) 616-4310
Email: zoe.wade@usdoj.gov

Date:  July 20, 2020